IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV 620-004 |
| BOBBIT, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Gaither v. Archar, CV 315-043 (S.D. Ga. Aug. 25, 2015) (dismissing without prejudice for failure to disclose litigation history)[1]; (2) Gaither v. Pullin, 5:14-CV-00260-MTT-CHW (M.D. Ga. Aug. 21, 2014) (dismissing for failure to state a claim); and (3) Gaither v. Chapman, 3:13-CV-00125-CAR-CHW (M.D. Ga. Dec. 9, 2013) (dismissing for failure to state a claim); see also Gaither v. Hooks CV 616-009 (S.D. Ga. Sep. 26, 2016) (dismissing for three strikes under § 1915(g)); Gaither v. Arthur, CV 316-010 (S.D. Ga. Apr. 26, 2016) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he

---

[1]Lying under penalty of perjury about existence of prior lawsuits is an abuse of the judicial process and qualifies as a strike under § 1915(g). Rivera, 144 F.3d at 731.

can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.     Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Here, Plaintiff, who is wheelchair bound, alleges he is in lockdown twenty-four hours a day and has been denied the ability to exercise outdoors.  (Doc. no. 1, p. 4.)  Plaintiff further contends he is subjected to unsanitary and unsafe living conditions.  (Id.)  Notably, however, Plaintiff does not explain exactly how the denial of outdoor recreation and current living conditions place him in imminent danger of serious physical injury.

Courts have found that such conclusory allegations are insufficient to establish imminent danger of serious physical injury.  See Daker v. Dozier, No. 5:18-CV-245-TES-CHW, 2019 WL 826481, at *8 (M.D. Ga. Feb. 21, 2019) (finding Plaintiff's allegation he was denied outdoor exercise insufficient to establish imminent danger of serious physical injury); Jemison v. White, No. CIV.A. 11-0323-WS-C, 2012 WL 3028061, at *2 (S.D. Ala. June 18, 2012), *adopted by*, No. CIV.A. 11-0323-WS-C, 2012 WL 3023491 (S.D. Ala. July 24, 2012) (finding Plaintiff failed to demonstrate he was in imminent danger of serious physical injury despite alleging lack of adequate exercise, unsanitary cells and eating area, insufficient living space, and inadequate cooling and ventilation).  Plaintiff does not allege he cannot exercise at all or the absence of fresh air or exercise is affecting him physically.  Therefore, Plaintiff fails

to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

## III. LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should also deny Plaintiff leave to appeal *in forma pauperis* ("IFP"). Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. R. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 10th day of February, 2020, at Augusta, Georgia.

                                                    /s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA